BY THE COURT.
The deed is admissible as an item of evidence. It is a circumstance to show fraud. Whether the deed to young-James is void as to subsequent purchasers without notice, we will reserve for future decision.
A deed was then offered from the sheriff to Kirby, of the 20th Sept., 1806, upon a sale on a judgment in favor of Hilditch v. James,. with the record of a judgment and execution. The judgment was-for $51.41. The execution in the body of it first referred to a judg *217 mentfor $52.27, but afterwards recited a judgment for $55.1?. The deed recited a judgment for $55.lL
E. King objected to the deed and record on account of this variance,
and referred to a decision of this court in Ross county.
V. Worthington, contra,
cited 6 Pet. 344.
Gano, clerk of the Common Pleas,
was then sworn, and testified that the execution exhibited was issued upon the judgment of which the record was here. The variance arose from the custom of adding the increased costs into the writ as part of the judgment.
C. Hammond and E. King, for the plaintiffs, argued to the jury.
V. Worthington and N. Wright, contra,
cited 5 O. 122.
BY THE COURT. Unexplained, the sale and deed do not appear to be sustained by any judgment.
*BY THE COURT. The testimony may go to the jury. [214 The court has heretofore determined that these discrepancies are susceptible of explanation. The casein Ross is identical with this, except the explanation and proof by the clerk. In that case there was no explanatory proof. The certificate of the clerk of the facts, which was offered in that case, was not evidence, though his examination in court might have been.
The cause eventually turned mainly upon the fraudulent character of the conveyance from James to his son, and whether the defendant stood in the relation of a creditor to James, having a right to question the conveyance. Much testimony was given to prove ■the pecuniary circumstances of James, sen.
LANE, J; charged the jury, that a voluntary conveyance by a father in embarrassed circumstances to an infant child, was on its face voluntary, and fraudulent against creditors. The subsequent ■control and conveyance of the property were but circumstances to strengthen the presumption of fraud. If the evidence satisfied the jury that the conveyance by the elder James to his child was voluntary, with intent to secure the property from his creditors, either for his own use, or as provision for his child, it was subject to the father’s debts; and if such was the case here, the levy on the lot and sale to Kirby, through whom the defendants derive title, passed the estate, and will protect them against the son, or those deriving title under him.
Verdict and judgment for defendant.